IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K'IN WAY XI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-2386-D |
| | § | |
| VEHICLE MANAGEMENT SOLUTIONS LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER OF PARTIAL RE-REFERENCE

In her findings, conclusions, and recommendation ("FCR") filed on September 23, 2025, the magistrate judge recommends that this action be dismissed without prejudice for lack of subject matter jurisdiction. The court concludes that the magistrate judge's FCR is correct in part. To the extent that the court disagrees with the FCR, the court declines to adopt the FCR and re-refers this case to the magistrate judge for further proceedings, i.e., judicial screening.

I

The court adopts the FCR to the extent the magistrate judge concludes that the allegations of K'in Way Xi's ("Way's") complaint are inadequate to invoke this court's diversity jurisdiction. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (allegations of residency, rather than of citizenship, are inadequate to invoke court's

jurisdiction); *Cosgrove v. Epsilon Data Mgmt., LLC*, 2025 WL 2638528, at *1 n.1 (N.D. Tex. Sept. 12, 2025) (Fitzwater, J.) (same).

II

The court declines, however, to adopt the FCR insofar as the magistrate judge concludes that Way's complaint should be dismissed for lack of federal question jurisdiction.

"When a federal claim appears on the face of the complaint, '[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision.'" *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (alteration in original) (quoting *Bell v. Health–Mor*, 549 F.2d 342, 344 (5th Cir.1977)). Accordingly, "the pleading burden to establish federal question jurisdiction is low[.]" *Id.* (explaining that only federal claims "patently without merit" justify dismissal for lack of jurisdiction); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" (citation omitted)).

Way alleges a claim under 42 U.S.C. § 1981. Section 1981 provides that all persons shall have the same right to "make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The term "make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits,

- 2 -

privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The complaint alleges that Way attempted to retrieve his vehicle from defendant's towing facility, presented his "tribal tax-exempt identification" to defendant's employee, and defendant's employee refused to honor the exemption when transacting with Way. Compl. (ECF No. 3) 2. Viewed under the controlling standard, the court is unable to conclude that Way's § 1981 claim fails to clear the low threshold to establish federal question jurisdiction. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) ("To establish a § 1981 claim for contractual discrimination, Plaintiffs must allege that (1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute—here, making a contract."); *Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 183-84 (2017) ("[I]n *Bell v. Hood*, this Court held that the 'arising under' statute confers jurisdiction if a plaintiff can make a nonfrivolous argument that a federal law provides the relief he seeks—even if, in fact, it does not.").

* * *

Accordingly, for the reasons explained, the court adopts the magistrate judge's FCR in part, declines to adopt the FCR in part, and re-refers this case to the magistrate judge for further proceedings.

**SO ORDERED**.

November 13, 2025.

 

_____
SIDNEY A. FITZWATER
SENIOR JUDGE